IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:04-CR-54-FL-1
NO. 4:12-CV-8-FL

| | |
|---|---|
| NICHOLAS OMAR MIDGETTE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 71). On August 15, 2012, the government withdrew its motion to dismiss, waiving its statute of limitations defense, and suggesting that the court should vacate petitioner's conviction of being a felon-in-possession of a firearm under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and reinstate Counts Two and Three of the second superseding indictment for further proceedings. For the reasons stated below, the court grants petitioner's motion, and directs petitioner to show cause why Counts Two and Three of the second superseding indictment should not be reinstated.

**BACKGROUND**

On November 3, 2004, the government filed a second superseding indictment charging petitioner in Count One with possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924; in Count Two with possessing a shotgun with a barrel less than 18 inches in length, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5861(d) and 5871; and in Count Three with

knowingly and intentionally possessing marijuana, in violation of 21 U.S.C. § 844(a). On January 26, 2005, this court denied a motion to suppress filed by petitioner. On February 4, 2005, pursuant to a written plea agreement, petitioner pled guilty to Count One of the second superseding indictment, reserving his right to appeal the suppression order, and the government agreed to dismiss Counts Two and Three. On June 21, 2005, the court entered judgment sentencing petitioner to 46 months imprisonment and a 3-year term of supervised release. Petitioner appealed, challenging the court's denial of his motion to suppress, and the Fourth Circuit affirmed by published opinion. See United States v. Midgette, 478 F.3d 616, 618 (4th Cir. 2007).

Petitioner was released from incarceration and commenced supervised release on May 15, 2008. (See DE #54). On March 22, 2010, the United States Probation Office filed a motion for revocation of supervised release, alleging criminal conduct, including felon in possession of a firearm, with charges for that conduct pending in a separate federal case. (See id.; renewed and updated at DE # 63). In the separate federal case, petitioner pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced by U.S. District Judge James C. Dever III on January 14, 2011, to 46 months imprisonment, followed by 36 months supervised release. (See 4:10-CR-13-D). On April 29, 2011, this court entered judgment granting the motion for revocation of supervised release, and sentencing petitioner to a term of imprisonment of 24 months, to be served consecutive to the sentence imposed in 4:10-CR-13-D.

On January 12, 2012, through appointed counsel, petitioner filed his § 2255 motion to vacate his felon-in-possession conviction under Simmons. The government moved to dismiss on March 1, 2012, asserting that the motion was untimely and waived per the plea agreement. Petitioner then moved to consolidate this case with 4:10-CR-13-D, in which he had also filed a § 2255 motion

2

pursuant to Simmons,[1] and the government opposed the motion to consolidate. This court denied the motion to consolidate on April 5, 2012.

On August 15, 2012, the government filed a withdrawal of its motion to dismiss, waiving its statute of limitations and plea waiver defenses, and suggesting that the court vacate petitioner's conviction and reinstate Counts 2 and 3 of the second superseding indictment for further proceedings.

**DISCUSSION**

A. Motion to Vacate

As noted in petitioner's motion and the government's withdrawal of its motion to dismiss, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does not have a prior conviction of a crime punishable by imprisonment for a term exceeding one year. A necessary element of the crime of conviction is therefore lacking. See 18 U.S.C. § 922(g)(1). Where the government waives defenses and concedes that petitioner's motion to vacate sentence should be granted, and where the court, having reviewed the record, finds petitioner's motion meritorious, said motion will be granted, and the judgment of conviction and sentence dated June 21, 2005, will be vacated.

B. Motion to Reinstate

The government suggests in its withdrawal that, upon granting petitioner's requested relief as to Count One of the second superseding indictment, then the court should reinstate Counts Two and Three. (See DE #79, Withdrawal of Motion to Dismiss, at 3). The court construes the government's withdrawal as including a motion to reinstate. The government argues that the

---

[1] Judge Dever denied petitioner's § 2255 motion to vacate in 4:10-cr-13-D, on August 1, 2012.

3

Case 4:04-cr-00054-FL   Document 80   Filed 01/18/13   Page 3 of 4

Double Jeopardy Clause does not prevent the government from proceeding forward against petitioner on these two counts, and that petitioner's successful § 2255 motion frustrates the purpose of the plea agreement allowing the government to reinstate previously dismissed charges. See United States v. Green, 139 F.3d 1002, 1005 (4th Cir. 1998) (holding that double jeopardy does not prevent government from re-indicting defendant on count previously dismissed pursuant to plea agreement, where original count of conviction is vacated) (citing United States v. Bunner, 134 F.3d 1000, 1005 (10th Cir. 1989)); see also Bunner, 134 F.3d at 1005 & n.4 (holding that change in law and successful § 2255 motion frustrated purpose of plea agreement and permitted the government to reinstate previously dismissed charges; upon reinstatement petitioner was awarded credit for time served).

As petitioner has not responded to the government's request to reinstate, the court will direct petitioner to show cause, within 21 days of the date of this order, why the government should not be allowed to reinstate Counts Two and Three of the second superseding indictment for further proceedings.

**CONCLUSION**

Based on the foregoing, petitioner's motion to vacate (DE #71) is GRANTED, and the judgment of conviction and sentence dated June 21, 2005, is VACATED. The court construes the government's withdrawal (DE #79) as including a motion to reinstate, and petitioner is DIRECTED to show cause, within 21 days of the date of this order, why the government should not be allowed to reinstate Counts Two and Three of the second superseding indictment for further proceedings.

SO ORDERED, this the 18th day of January, 2013.

_/s/ Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge